Stuart D. Gavzy, Esquire
8171 E. Del Barquero Drive
Scottsdale, AZ 85258
973-256-6080
Fax: 480-452-1665
Email: stuart@gavzylaw.com
Attorney for Debtor,
Cristobal Collado

|  |  |
|---|---|
|  | : UNITED STATES BANKRUPTCY COURT |
|  | : FOR THE DISTRICT OF NEW JERSEY |
|  | : |
|  | : |
| IN RE: | : CASE NO: 17-10017 (JKS) |
|  | : |
| CRISTOBAL COLLADO | : CHAPTER 11 |
|  | : |

**OPPOSITION TO MOTION TO CONVERT CASE FROM CHAPTER 11
TO A CASE UNDER CHAPTER 7 AND CROSS MOTION TO DISMISS CASE**

Cristobal Collado, Chapter 7 Debtor herein, through counsel, Stuart D. Gavzy, alleges and says:

1. The Debtor herein, Cristobal Collado, filed a petition on January 2, 2017 seeking relief under Chapter 13 of the Bankruptcy Code, in order to prevent a Sheriff Sale of certain real property owned by the Debtor.

2. Another objective of the initial filing was to explore a resolution of a dispute with the Internal Revenue Service.

3. Thereafter, when a review of the claims filed by the Internal Revenue Service revealed that the debt would be largely dischargeable, it was decided to convert the case to Chapter 7.

4. Due to a miscalculation regarding the amount of equity in one of the Debtor's properties, if the Debtor were to remain in Chapter 7 this property, which serves as both his residence as well as the office for his business, would be susceptible to liquidation by the Chapter 7 Trustee.

5. Debtor, therefore, in order to retain this asset, has determined that it would be in his best interest and also his creditor's to convert this case back to Chapter 13 and to propose a Plan of Reorganization which will address the claim of the Internal Revenue Services and propose a distribution to his other creditors.

6. For the foregoing reasons, Debtor initially tried to reorganize under Chapter 11 due to

the fact that his secured debt exceeded the limit allowed by 11 USC 109(e) for reorganization under Chapter 13.

7. As a result of the foreclosure of one of the debtor's properties during the pendency of this case, his reconstituted secured debt total is now less than the threshold requirement of 11 USC 109(e) for eligibility for Chapter 13.

8. The determination of eligibility for reorganization under Chapter 13 is made as of the date of filing and therefore in order for the Debtor to qualify for Chapter 13, the current case has to be dismissed to allow him to refile under Chapter 13.

9. Contrary to the assertions of the United States Trustee, it is in the best interest of all parties that the Debtor be permitted to reorganize under Chapter 13, which would provide for a distribution to his unsecured creditors while also allowing him to retain the ownership of his real properties and business interests.

10. The Debtor has sufficient net disposable income to propose a confirmable Chapter 13 Plan and therefore seeks the dismissal of this case.

    WHEREFORE, the Debtor prays for the opportunity to proceed under Chapter 13 when the within matter is dismissed.

Dated October 16, 2018

    /s/ Stuart D. Gavzy, Esq
    Stuart D. Gavzy Attorney
    for Debtor, Cristobal Collado